IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
AMERICA ONLINE, INC.         )
                             )
        Plaintiff,           )
v.                           )    CIVIL ACTION NO. 04-1498
                             )
AMBRO ENTERPRISES, et. al.,  )
                             )
        Defendants.          )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Steven R. Goudreault and Ernesto Haberli Motions to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff, America Online ("AOL"), has brought an action against Defendants based on their parts in an alleged conspiracy to transmit millions of unsolicited bulk e-mail messages ("UBE" or "spam") to AOL's entire member database through AOL's servers, which are located in Virginia.

The issues before the Court are whether Defendants' alleged participation in the conspiracy to transmit UBE to and through AOL's servers in Virginia constitutes sufficient minimum contacts to assert personal jurisdiction under the Virginia long-arm statute, VA. CODE ANN. § 8.01-328.1 (Michie 2004) and whether asserting personal jurisdiction on the basis of such contacts comports with the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution. The Court denies Defendants' Steven R. Goudreault and Ernesto Haberli

motions and asserts personal jurisdiction because Defendants' alleged actions constitute torts within the meaning of Virginia's long-arm statute and jurisdiction is consistent with the Due Process Clause.

## I.   BACKGROUND

Plaintiff AOL is a Delaware corporation with its principal place of business in Dulles, Virginia.  AOL provides proprietary, content-based online services to its customers, including the use of e-mail and access to the internet.  Am. Compl. ¶ 6.  All e-mail messages transmitted or received by an AOL member are processed on AOL's servers, which are located in data centers within the Commonwealth of Virginia.  *Id.* at ¶ 32.  Defendants Steven R. Goudreault and Ernesto Haberli are residents of Texas.  *Id.* at ¶ 11; Def. Steven R. Goudreault's Mot. to Dismiss for Lack of Pers. Jurisdiction; Def. Ernesto Haberli's Mot. to Dismiss for Lack of Pers. Jurisdiction.

AOL alleges that from at least September 2003 through late 2004, Defendants and their co-conspirators transmitted, facilitated the transmission of, or conspired to transmit millions of UBE addressed to AOL subscribers through AOL's computer network.  Am. Compl. ¶¶ 1, 4, 21, 37-38, 43-46, 62, 68, 80-81.  AOL has policies prohibiting the transmission of UBE over its network and has publicized these policies on its website. *Id.* at ¶ 31.  The messages allegedly transmitted by Defendants contained misleading and erroneous hypertext links to recipients'

"account information" and solicitations for mortgage leads.  *Id.* at ¶ 1.  According to AOL, Defendants and their co-conspirators used a number of fraudulent and deceptive methods to hide their identities and remain anonymous.  *Id.*

AOL alleges that Defendants' spam messages harmed AOL on several levels.  First, the spam imposed burdens on AOL's computer systems by consuming the network services necessary to deliver non-UBE e-mail to AOL members.  Am. Compl. ¶ 1.  AOL's servers have a finite capacity that is designed to accommodate the demands of its members.  *Id.* at ¶ 33.  Second, the UBE consumed dozens of gigabytes of storage and memory capacity on AOL's servers as well as hours of processing time.  *Id.* at ¶ 1.  Finally, the UBE generated tens of thousands of member complaints and telephone calls, which damaged AOL's business relations, reputation, and good will, and caused AOL to incur substantial costs in responding to complaints.  *Id.* at ¶¶ 3, 33, 53.

On December 17, 2004, unable to identify the alleged spammers, AOL filed a "John Does" suit in this Court.  After initial discovery, AOL filed an Amended Complaint on April 29, 2005 naming Steven R. Goudreault, Ernesto Haberli, and others as Defendants.  The Amended complaint alleges two counts under the Federal "Can-Spam" Act, 15 U.S.C. § 7701, *et seq.*, four counts under the Virginia Computer Crimes Act, VA. CODE ANN. §§ 18.2-152.2, 18.2-152.3:1(A)(1), 18.2-152.3:1(A)(2), 18.2-156, as well as common law trespass to chattel, conspiracy, and unjust

enrichment.  Defendants Steven R. Goudreault and Ernesto Haberli moved to dismiss this case for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits the Court to dismiss a claim for lack of personal jurisdiction.  *See* FED. R. CIV. P. 12(b)(2).  Plaintiff bears the burden of proving "the existence of a ground for jurisdiction by a preponderance of the evidence."  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  When the Court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of "a sufficient jurisdictional basis in order to survive the jurisdictional challenge."  *Id.*; *Atl. Asset Mgmt. Group, Inc. v. Csira*, 328 F. Supp. 2d 614, 617 (E.D.Va. 2004).  In resolving this issue, a court must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction.  *See Combs*, 886 F.2d at 676.

Determining whether a person is subject to personal jurisdiction requires a two-step analysis under Virginia law.  A court must conclude that:  (1) jurisdiction is authorized by the state's long-arm statute, VA. CODE. ANN. § 8.01-328.1, and (2) the exercise of personal jurisdiction is consistent with the requirements of the Due Process Clause of the Fifth Amendment to

the United States Constitution.  *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004) (citations omitted).  In other words, the Defendants must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**B.  Analysis**

1.  Long-Arm Statute

Jurisdiction is appropriate in this case under subsections (A)(3) and (A)(4) of the Virginia long-arm statute.  The Virginia long-arm statute permits the exercise of personal jurisdiction over a person who, either directly or by an agent, causes "tortious injury by an act or omission in this Commonwealth."  VA. CODE ANN. § 8.01-238.1(A)(3).  The statute also permits personal jurisdiction over a person who causes "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth."  *Id.* § 8.01-238.1(A)(4).

Jurisdiction is appropriate in this case under subsection (A)(3) of the long-arm statute.  AOL alleges that Defendants transmitted or conspired to transmit millions of UBE to and through AOL's servers in Virginia that amounted to the common law

tort of trespass to chattel.¹  *See Am. Online v. LCGM*, 46 F. Supp. 2d 444, 451-52 (E.D. Va. 1998)(holding that transmission of UBE over computer servers constitutes trespass to chattel). Additionally, Virginia's long-arm statute explicitly addresses this scenario, and states that "[u]sing a computer or computer network located in the Commonwealth shall constitute an act in

---

¹ In some cases, participation in a conspiracy is sufficient to confer personal jurisdiction even where a Defendant's only contact with the forum state is through the actions of a co-conspirator. *See Gemini Enters., Inc. v. WFMY Television Corp.*, 470 F. Supp 559, 564 (M.D.N.C. 1979)(explaining that connections between the conspiracy and the forum state can provide a sufficient basis for a court to assert personal jurisdiction over a nonresident co-conspirator). The *Gemini* Court explained that these connections exist where "substantial acts in furtherance of the conspiracy were performed in the forum state and the co-conspirator knew or should have known that acts would be performed in the forum state. *Id.* Thus, it is immaterial whether AOL alleges that Defendants actually transmitted the UBE themselves. Rather, it is sufficient to allege, as AOL does, that Defendant Steven R. Goudreault participated in a conspiracy by registering domain names associated with illegal spam and serving as the technical and/or administrative contact for other co-conspirators who actually transmitted the UBE. Mem. in Opp'n to Defendant Steven R. Goudreault's Mot. to Dismiss. It is also sufficient to allege that Defendant Ernesto Haberli participated in a conspiracy by selling stolen lists of AOL's member database to other co-conspirators who actually transmitted the UBE. Mem. in Opp'n to Defendant Ernesto Haberli's Mot. to Dismiss. Since both Defendants knew or should have known that the UBE would be transmitted through AOL's servers in Virginia, their participation in the conspiracy provides a sufficient basis for this Court to assert personal jurisdiction under subsection (A)(3) of the Virginia long-arm statute. *See* VA. CODE ANN. § 8.01-238.1(A)(3); *Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 618 (E.D.Va. 2002) ("By allegedly transmitting millions of e-mails to make money . . . knowing or reasonably knowing that such conduct would harm [Plaintiff's] e-mail servers, Defendants should have expected to get dragged into court where their actions caused the greatest injury.").

the Commonwealth." VA. CODE ANN. § 8.01-238.1(B). Liberally read, AOL's amended complaint alleges the "use" of a computer under the long-arm statute by transmitting commercial UBE to and through its computer servers.[2] Since the injury from the tort of which AOL complains occurred in Virginia, jurisdiction is proper under § 8.01-238.1(A)(3). *See Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 610 (E.D.Va. 2002).

Jurisdiction is also appropriate in this case under subsection (A)(4) of the Virginia long-arm statute. In its Amended Complaint, AOL alleges that Defendants and their co-conspirators exploited AOL's servers in Virginia to gain free advertising by transmitting millions of UBE through AOL's servers for more than a year. Am. Compl. ¶ 35. Broadly interpreted, AOL's complaint alleges a "persistent course of conduct" and the derivation of "substantial revenue from . . . services rendered in this Commonwealth." VA. CODE ANN. § 8.01-238.1(A)(4); *Ralsky*, 203 F. Supp. 2d at 611 (holding the exploitation of Verizon's

---

[2] The term "use" under § 8.01-238.1(B) has the same meaning as under the Virginia Computer Crimes Act, VA. CODE ANN. § 18.2-152.2. That statute provides that an individual "uses a computer or network when he (1) attempts to cause or causes a computer network to perform or to stop performing computer operations; (2) attempts to cause or causes the withholding or denial or the use of a computer, computer network, computer programs, computer data or computer software to another user; or (3) attempts to cause or causes another person to put false information into a computer." *Id.*; *see also Bochan v. La Fontaine*, 68 F. Supp. 2d 692, 698 (E.D. Va. 1991) (explaining that courts focus on the location of the internet service provider in assessing personal jurisdiction under the Virginia long-arm statute).

Virginia servers to gain free advertising sufficient to satisfy any of the three prongs under § 8.01-238.1(A)(4)). Since the injury about which AOL complains occurred in Virginia, jurisdiction is also proper under § 8.01-238.1(A)(4) if haling Defendants into Virginia would comply with the Due Process Clause of the Fifth Amendment to the United States Constitution.

2. Due Process

The Court's assertion of personal jurisdiction over Defendants does not offend the Due Process Clause of the Fifth Amendment to the United States Constitution. The Due Process Clause requires "that no defendant shall be haled into court unless the defendant has 'certain minimum contacts [with the forum state] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Huang*, 106 F. Supp. 2d at 855 (quoting *Int'l Shoe* 326 U.S. at 316). There are two types of personal jurisdiction a federal court may exercise over a nonresident defendant - general and specific. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). In this case, Defendants have not subjected themselves to general jurisdiction, which federal courts exercise on the basis of a defendant's continuous and systematic contacts with the forum state rather than on the basis of his activity therein. *Id.* at 414. Rather, personal jurisdiction in this case depends on whether Defendants' contacts flowing from AOL's claims are sufficient to establish specific

jurisdiction.  In determining minimum contacts for specific personal jurisdiction, "a court properly focuses on the 'relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shafer v. Heitner*, 433 U.S. 186, 204 (1977)).

To ascertain whether specific personal jurisdiction is appropriate, the Court must first determine whether Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Next the Court must assess whether AOL's causes of action arise from Defendants' activities in Virginia.  *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).  Finally the Court must consider whether the Defendants' acts or the consequences thereof have a sufficient connection with Virginia to render the exercise of jurisdiction over Defendants "constitutionally 'reasonable.'" *Christian Sci. Bd.*, 259 F.3d at 215 (quoting *Burger King*, 471 U.S. at 476-77).

a.  Defendants Purposefully Availed Themselves of Virginia.

The Court finds that Defendants purposefully availed themselves of Virginia by participating in a conspiracy to deliberately exploit AOL's servers for pecuniary gain while trespassing on AOL's property.  Defendants allegedly conspired with several other people to send millions of UBE to AOL's members through its e-mail servers in Virginia.  The alleged acts

were "knowing and repeated" commercial transmissions over the internet for the purpose of gaining free advertising. *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997); *see Ralsky*, 203 F. Supp. 2d at 616 (finding that Defendants purposefully availed themselves of Virginia by sending millions of e-mails in a commercial venture that formed the basis of the cause of action itself).

The sending of UBE in this case was not a "one-shot affair," the e-mails were expressly and continuously aimed at AOL's servers in Virginia for more than a year. *CompuServe v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996). Defendants' alleged transmission of millions of UBE to and through AOL's servers in Virginia can hardly be considered "random," "fortuitous," or "attenuated" contacts. *Burger King*, 471 U.S. at 475. Defendants and their co-conspirators "purposefully entered the e-mail addresses with AOL's domain name, transmitted the deluge of e-mails, and then deliberately undertook steps to avoid getting caught." *Ralsky*, 203 F. Supp. 2d at 617.

Finally, Virginia maintains a "'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King*, 471 U.S. at 473. As discussed above, Defendants' transmission of UBE to and through AOL's e-mail servers constitutes a tort in the Commonwealth of Virginia. *See LCGM*, 46 F. Supp. 2d at 451-52. Defendants are allegedly professional spammers who knew or

reasonably should have known that their alleged transmission of UBE would harm AOL's e-mail servers. "It strains credulity to believe that [they] would be unaware that [their] UBE would overwhelm [AOL's] e-mail servers causing delays in the delivery of legitimate emails." *Ralsky*, 203 F. Supp. 2d at 618. By allegedly sending millions of UBE to gain free advertising at AOL's expense, knowing that such conduct would harm AOL's servers, Defendants "should have expected to get dragged into court where [their] actions caused the greatest injury." *Id.* at 618-19. Jurisdiction is thus proper in Virginia because of the "effects" of Defendants' tortious conduct in the forum. *Calder*, 465 U.S. at 789.

b. The Cause of Action Arises from Defendants' Activities in Virginia.

In addition to purposeful availment, the claim must also arise out of the defendants' related activities in the forum. *Christian Sci. Bd.*, 259 F.3d at 215. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts. *CompuServe*, 89 F.3d 1267.

The Court holds that the causes of action in this case arise from Defendants' activities in the Commonwealth of Virginia. Each of AOL's claims, as described above, turns on Defendants' alleged participation in a conspiracy to transmit millions of UBE to and through AOL's e-mail servers. But for Defendants' tortious conduct, AOL would not have incurred an injury. *See*

11

*Ralsky*, 203 F. Supp. 2d at 621 (finding that the cause of action arises from the defendants' activities if but for defendants' actions, the injury would not have occurred).

c. The Exercise of Personal Jurisdiction is Constitutionally Reasonable.

Finally, Defendants must have a sufficient connection to AOL and Virginia to make the exercise of personal jurisdiction constitutionally reasonable. *See Christian Sci. Bd.*, 259 F.3d at 215. To satisfy the reasonableness standard, jurisdiction must comply with notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476. After a court has found "the first two elements of a prima facie case - purposeful availment and a cause of action arising from the defendant's contacts with the forum state - then an inference arises that this third factor is present." *CompuServe*, 89 F.3d at 1268. In determining reasonableness, a court should consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477.

Considering each of these factors, the Court finds that the exercise of personal jurisdiction over Defendants in this case is constitutionally reasonable. First, Virginia has a strong interest in resolving this dispute because AOL is a Virginia

resident and Virginia's long-arm statute explicitly addresses the conduct allegedly at issue in this case. *See Ralksy*, 203 F. Supp. 2d at 621. Second, Defendants have allegedly caused tortious injury in Virginia for their part in a conspiracy to transmit UBE to and through AOL's servers, consuming processing time and damaging AOL's business reputation and relationships with its customers. Third, "the exercise of personal jurisdiction over Defendants in this case dovetails with the judicial interest in efficient resolution of spam suits," because allowing Defendants to escape personal jurisdiction would be fundamentally unfair. *Id.* at 622. Furthermore, it "would allow spammers to transmit UBE with impunity and only face suit if the injured party had the resources to pursue the litigation where the tortfeasor resides rather than where the injury occurred." *Id.*

### III.  CONCLUSION

For the following reasons, it is hereby

ORDERED that Defendants' Motions to Dismiss for Lack of Personal Jurisdiction are DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___8th____ day of September, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
9/8/05